870 F.2d 656
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rickey Wayne REYNOLDS, Defendant-Appellant.
 No. 88-7006.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 29, 1988.
Decided March 7, 1989.
 
 Rickey Wayne Reynolds, appellant pro se.
 Thomas J. Ashcraft, Office of the United States Attorney, for appellee.
 Before PHILLIPS, MURNAGHAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Rickey Wayne Reynolds appeals from the district court's order refusing relief under 28 U.S.C. Sec. 2255. Our review of the record and the district court's opinion discloses that this appeal is without merit. Reynolds has not shown that his attorney's advice was outside the range of competence demanded of attorneys in criminal cases or that his guilty plea was solely the result of unprofessional errors on his attorney's part. Hill v. Lockhart, 474 U.S. 52 (1985). We also find the restitution order proper.* In United States v. McMichael, 699 F.2d 1983 (4th Cir.1983), we said that the only limitations on a judge imposing restitution under 18 U.S.C. Sec. 3651 are that the amount of restitution must not exceed the amount of loss and the loss must be caused by the offense for which the defendant was indicted. Although the district court did not, and probably could not in this case, make a precise finding as to the dollar amount of loss attributable to Reynolds, there is sufficient evidence in the record to establish that the loss attributible to Reynolds' illegal actions was clearly more than the restitution order will require him to repay during the period of probation.
 
 
 2
 Accordingly, we affirm on the reasoning of the district court. United States v. Reynolds, CR-85-94; CA-87-243-C-SH; CR-85-93 (W.D.N.C., Dec. 11, 1987). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 3
 AFFIRMED.
 
 
 
 *
 Reynolds may have waived his right to consideration of any alleged errors in the restitution order by failing to appeal the order. Nonconstitutional claims which could have been raised on appeal, but were not, may not be raised in collateral proceedings. Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976). However, as Reynolds has raised the issue of attorney ineffectiveness and the district court considered this claim on the merits, we have also done so